**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/03/2018

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **HAMILTON WELL SERVICE, LLC** | § | **CASE NO. 16-33058-H2-7** |
| **DEBTOR** | § | **(CHAPTER 7)** |
| | § | **JUDGE JONES** |

---

## Order Granting
## Trustee's Motion to Compromise Controversy

---

[dkt. no. 103 ]

There came on regularly pursuant to Bankruptcy Local Rule 7041-1 Trustee Rodney Tow's (the "***Trustee***") *Motion to Compromise Controversy with the Jensen Parties* (the "***Motion***"), in which the Trustee seeks approval of the proposed settlement.

The Court has considered the proposed settlement between the parties to the disputes, and the Trustee's analysis of the factors in *Protective Committee for Independent Stock-holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). After considering the Motion, all responses thereto, if any, the Court is of the opinion and finds that

Notice of the Motion was in all respects adequate and proper;

The Claims (as defined in the Settlement Agreement attached hereto as **Exhibit 1**) being settled and released by the Trustee are the sole property of the Debtor's bankruptcy estate and may only be brought and settled by the Trustee;

The proposed Settlement Agreement is in the best interest of the Debtor's bankruptcy estate; and

The motion should in all things be granted.

Accordingly, it is hereby:

**ORDERED** that the Trustee's Motion to Compromise Controversy with the Jensen Parties [dkt. no. 103] (the "Motion") is hereby **GRANTED**. It is further

**ORDERED** that the settlement between the Trustee and Brett D. Jensen, the Estate of Gerald L. Jensen, Croff Oil Company, Inc., Colleen Jensen, individually and as Independent Executor and potential beneficiary of the Estate of Gerald L. Jensen, Jenco Investments Partnership, Thrift Opportunity Holdings, JCP Leasing, LLC, JCP Energy Services, LLC, Christopher Jensen Trust, Jenex Petroleum Corporation (misnamed in the Trustee's complaint as Jenex Petroleum Company), Jensen Opportunity Management, LLC, Brett Jensen Trust, MCP Leasing, LLC, HMS Texas Holdings, LLC, Jenco Petroleum Corporation and Toro Operating Company, Inc., (collectively, the "Jensen Parties") is approved as described in the Motion and as set forth in the Settlement Agreement attached to the Motion and this Order as **Exhibit 1**. It is further

**ORDERED** that contingent upon the full execution of the Settlement Agreement and this Order becoming final and non-appealable, one or more of the Jensen Parties shall cause the Trustee on behalf of the Debtor's bankruptcy estate to receive the sum of $1,350,000.00.00 ("Settlement Amount") within seven (7) business days of this Order becoming final and non-appealable, in full and final satisfaction of any and all claims the Trustee, the Debtor and the Debtor's bankruptcy estate may have against the Jensen Parties. It is further

**ORDERED** that contingent upon the full execution of the Settlement Agreement, this Order becoming final and non-appealable and the funding of the Settlement Amount, the Jensen Parties shall be forever discharged and released from any and all liability to the Debtor and its bankruptcy estate. It is further

**ORDERED** that contingent upon the full execution of the Settlement Agreement, this Order becoming final and non-appealable and the funding of the Settlement Amount, the following proofs of claim are hereby reclassified as allowed claims of equity in the Debtor and against its bankruptcy estate and any security interest in property of the Debtor's bankruptcy estate is hereby released:

a. Claim Number 37 for Thrift as a secured claim in the amount of $2,801,407.31;

b. Claim Number 38 for Croff as a secured claim in the amount of $846,285.21;

c. Claim Number 39 for JCP Leasing as an unsecured claim in the amount of $40,780,224.63;

d. Claim Number 40 for Jenco as a secured claim in the amount of $662,452.56;

e. Claim Number 41 for Brett Jensen as a secured claim in the amount of $449,474.92;

f. Claim Number 42 for Gerald Jensen as a secured claim in the amount of $2,250,197.03; and,

g. Claim Number 27 transferred from M/B Finance Co., Ltd. to MCP Leasing in the amount of $34,265,475.37.

It is further

**ORDERED** that neither the Trustee nor the Jensen Parties have made any admission, including any admission of liability or wrongdoing, and the Settlement Agreement and Settlement Amount shall not be construed to contain or constitute any admission by either party. It is further

**ORDERED** that, except as provided in the Settlement Agreement with respect to the costs associated with enforcing the terms of the Settlement Agreement, each of the Trustee and

the Jensen Parties shall be responsible for their own costs and expenses related to this Settlement Agreement and the matters addressed herein, and neither party shall be liable for the other's costs, fees or expenses. It is further

**ORDERED** that the Trustee is authorized to execute all documents and take all other actions necessary to complete the settlement. It is further.

**ORDERED** that this Court hereby retains jurisdiction to enforce, interpret and implement the terms and provisions of this Order and matters related thereto, together with its **Exhibit 1**, including without limitation retaining jurisdiction to compel performance of this Order and the settlement even after the above captioned bankruptcy proceeding is closed. And it is further

**ORDERED** that nothing in this Order shall be construed to compromise any issue or dispute or to affect any obligations between the Trustee and any other individuals or entities.

**Signed: December 03, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 7** |
| | § | |
| **HAMILTON WELL SERVICE, LLC** | § | **Case No.: 16-33058** |
| | § | |
| **Debtor** | § | |

**SETTLEMENT AGREEMENT**

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement") by and between Rodney Tow, Chapter 7 Trustee of the Bankruptcy Estate (the "Bankruptcy Estate") of Hamilton Well Service, LLC (the "Trustee") on the one hand, and Brett D. Jensen ("Mr. Jensen"), the Probate Estate of Gerald L. Jensen (Colleen Jensen as the Independent Executor of the Probate Estate of Gerald L. Jensen) ("Jensen Probate Estate"), Colleen Jensen, individually and as potential beneficiary of the Probate Estate of Gerald L. Jensen ("Mrs. Jensen"), Croff Oil Company, Inc. ("Croff"), Jenco Investments Partnership ("Jenco"), Thrift Opportunity Holdings, LP ("Thrift"), JCP Leasing, LLC ("JCP"), JCP Energy Services, LLC ("JCP Energy"), Jenex Petroleum Corporation, misnamed in the Trustee's Complaint (defined below) as Jenex Petroleum Company ("Jenex"), the Brett Jensen Trust ("Jensen Trust"), Christopher Jensen Trust ("CJ Trust"), MCP Leasing, LLC ("MCP"), HMS Texas Holdings, LLC ("HMS"), Jensen Opportunity Management, LLC ("JOM") and Jenco Petroleum Corporation ("Jenco") (collectively referred to herein as the "Jensen Parties") on the other, is made, entered into and effective as of October ______, 2018 (the "Effective Date"). The Trustee and the Jensen Parties are collectively referred to herein as the "Parties".

**WHEREAS**, on June 16, 2016 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

**WHEREAS**, the Trustee is the duly-appointed, qualified and acting Chapter 7 Trustee for the Bankruptcy Estate of the Debtor in Bankruptcy Case No. 16-33058, styled *In re Hamilton Well Service, LLC* (the "Bankruptcy Case");

**WHEREAS**, on the Trustee's Motion, the Bankruptcy Court designated Mr. Jensen as the designated representative of the Debtor [dkt. nos. 57, 58 and 98];

**WHEREAS**, the Trustee filed his Motion to Compel and for Sanctions [dkt. no. 59] against Mr. Jensen ("Motion to Compel"). Mr. Jensen made all reasonable efforts to cooperate with the Trustee and to reasonably provide the Trustee with all requested documents and information as evidenced by the Joint Motion and Agreed Order to Dismiss the Motion to Compel, which was entered by the Bankruptcy Court [dkt. nos. 86 and 89].

**WHEREAS**, Thrift filed Proof of Claim Number 37 as a secured claim in the amount of $2,801,407.31;

**WHEREAS,** Croff filed Proof of Claim Number 38 as a secured claim in the amount of $846,285.21;

**WHEREAS**, JCP filed Proof of Claim Number 39 as a general unsecured claim in the amount of $40,780,224.63;

**WHEREAS**, Jenco filed Proof of Claim Number 40 as a secured claim in the amount of $662,452.56;

**WHEREAS**, Mr. Jensen filed Proof of Claim Number 41 as a secured claim in the amount of $449,474.92;

**WHEREAS**, the Jensen Probate Estate filed Proof of Claim Number 42 as a secured claim in the amount of $2,250,197.03;

**WHEREAS**, M/G Finance Co., Ltd. ("M/G Finance") filed Proof of Claim Number 27 as an unsecured claim in the amount of $34,265,475.37; and Proof of Claim Number 27 was subsequently transferred to MCP;

**WHEREAS**, on June 15, 2018, the Trustee filed his complaint (the "Complaint") against the Jensen Parties[1] in Adversary Proceeding 18-03156 (the "Adversary Proceeding") purportedly alleging multiple causes of action and theories of recovery, including claims of conversion, joint enterprise, direct veil piercing, reverse veil piercing, joint venture, joint enterprise, alter ego, breach of fiduciary duty, constructive trust, equitable liens, usurpation of corporate opportunity, unjust enrichment, fraud, fraud by non-disclosure, preferential transfers, fraudulent transfers and other derivative claims (collectively, the "Trustee Asserted Claims") *See* Adversary Proceeding 18-03156;

**WHEREAS**, the Trustee hereby represents and warrants that the Claims (defined below) are claims belonging solely to the Debtor and/or its Bankruptcy Estate and may only be brought and settled by the Trustee;

**WHEREAS**, the Trustee hereby represents and warrants that he is the only party with authority to prosecute, settle and otherwise control the Claims;

**WHEREAS**, the Jensen Parties have denied, and continue to deny the claims purportedly asserted in the Complaint and that any of the Jensen Parties have any liability to the Trustee

[1] While the Trustee also sued and asserted claims against Toro Operating Company, Inc. ("Toro") in the Complaint, Toro is neither under the ownership nor control of any of the Jensen Parties as Toro was sold in 2014 to a third-party unrelated to the Jensen Parties. The Trustee will address the improper naming of Toro as a defendant by dismissing the Complaint with prejudice as to all named defendants. Toro is not a third-party beneficiary of this Settlement Agreement.

and/or as to the Trustee Asserted Claims. Each of the Jensen Parties further asserts that disallowance and/or recharacterization of any of the Jensen Parties' proofs of claim is improper;

**WHEREAS**, following multiple in-person good faith negotiations, the Parties negotiated a settlement that is embodied herein, and desire to settle and compromise all claims between them on the terms set forth herein;

**WHEREAS, the Parties have agreed that one or more of the Jensen Parties shall cause the Trustee to receive ONE MILLION THREE HUNDRED AND FIFTY THOUSAND AND 00/100 ($1,350,000.00)** in U.S. Dollars (the "Settlement Payment") in full and final settlement and satisfaction of any and all claims the Trustee may have against one or more of the Jensen Parties;

**WHEREAS**, the Parties agree that as a result of this settlement, the following Jensen Parties' proofs of claim shall be recharacterized as allowed claims of equity security interests in the Debtor and against its Bankruptcy Estate subordinate to the claims of the unsecured creditors:

a. Thrift's Proof of Claim Number 37 filed as a secured claim in the amount of $2,801,407.31 will be allowed only as a $2,801,407.31 equity claim;

b. Croff's Proof of Claim Number 38 filed as a secured claim in the amount of $846,285.21 will be allowed only as a $846,285.21 equity claim;

c. JCP's Proof of Claim Number 39 filed as a general unsecured claim in the amount of $40,780,224.63 will be allowed only as a $40,780,224.63 equity claim;

d. Jenco's Proof of Claim Number 40 filed as a secured claim in the amount of $662,452.56 will be allowed only as a $662,452.56 equity claim;

e. Mr. Jensen's Proof of Claim Number 41 filed as a secured claim in the amount of $449,474.92 will be allowed only as a $449,474.92 equity claim;

f. The Jensen Probate Estate's Proof of Claim Number 42 filed as a secured claim in the amount of $2,250,197.03 will be allowed only as a $2,250,197.03 equity claim; and

g. Proof of Claim Number 27 assigned to MCP from M/G Finance, filed as an unsecured claim in the amount of $34,265,475.37 will be allowed only as a $34,265,475.37 equity claim; and

**WHEREAS**, the Parties acknowledge that this Agreement is subject to Bankruptcy Court approval.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. Compromise of Disputed Claims. It is understood that this Settlement Agreement is a compromise of disputed claims and that the promises, covenants and payments made and agreed to hereunder are not to be construed as an admission of any liability by any of the Parties.

2. Approval of Bankruptcy Court. The Parties understand and acknowledge that this Settlement Agreement is subject to Bankruptcy Court approval.

3. Settlement Payment. One or more of the Jensen Parties shall cause the Trustee to receive the Settlement Payment within seven (7) business days of the Bankruptcy Court order approving this Settlement Agreement (the "9019 Order") becoming final and non-appealable, together with the full execution of this Settlement Agreement.

4. Resulting Proofs of Claim. Contingent upon full execution of this Settlement Agreement, the 9019 Order becoming final and non-appealable and payment of the Settlement Payment to the Trustee, the Parties hereby agree as follows:

   a. Thrift's Proof of Claim Number 37 filed as a secured claim in the amount of $2,801,407.31 will be allowed only as a $2,801,407.31 equity claim subordinate to the unsecured creditors' claims;

   b. Croff's Proof of Claim Number 38 filed as a secured claim in the amount of $846,285.21 will be allowed only as a $846,285.21 equity claim subordinate to the unsecured creditors' claims;

   c. JCP's Proof of Claim Number 39 filed as a general unsecured claim in the amount of $40,780,224.63 will be allowed only as a $40,780,224.63 equity claim subordinate to the unsecured creditors' claims;

   d. Jenco's Proof of Claim Number 40 filed as a secured claim in the amount of $662,452.56 will be allowed only as a $662,452.56 equity claim subordinate to the unsecured creditors' claims;

   e. Mr. Jensen's Proof of Claim Number 41 filed as a secured claim in the amount of $449,474.92 will be allowed only as a $449,474.92 equity claim subordinate to the unsecured creditors' claims;

   f. The Jensen Probate Estate's Proof of Claim Number 42 filed as a secured claim in the amount of $2,250,197.03 will be allowed only as a $2,250,197.03 equity claim subordinate to the unsecured creditors' claims; and

g. Proof of Claim Number 27 assigned to MCP from M/G Finance, filed as an unsecured claim in the amount of $34,265,475.37 will be allowed only as a $34,265,475.37 equity claim subordinate to the unsecured creditors' claims.

5. The Term "Claims" Defined. The term "Claims" includes without limitation any and all claims, demands, causes of action, theories of recovery, rights of setoff, economic claims, claims for quantum meruit, malfeasance, nonfeasance, fraud, fraud by non-disclosure, intentional torts, malicious conduct, false or misleading or deceptive or unconscionable conduct, conversion, joint enterprise, direct veil piercing, reverse veil piercing, joint venture, joint enterprise, alter ego, breach of fiduciary duty, constructive trust, equitable liens, usurpation of corporate opportunity, unjust enrichment, preferential transfer(s), fraudulent transfer(s), any and all other claims under the Bankruptcy Code, together with any and all other claims owned or otherwise belonging to the Debtor and/or its Estate that could have arisen prior to and including the Effective Date of this Settlement Agreement, specifically including but not limited to the Trustee Asserted Claims, all claims related to the allegations asserted in the Motion to Compel, and any and all current and future obligations of Mr. Jensen, if any, as the designated representative of the Debtor. The term "Claims" further includes all claims, demands, and causes of action for any and all damages, including without limitation all actual damages, all consequential damages, all statutory damages, all punitive and exemplary damages, interest, including but not limited to prejudgment and post-judgment interest, attorneys' fees and costs of court, all other damages or losses, or any combination thereof.

6. Release by Trustee. Contingent only upon the receipt of the Settlement Payment, the Trustee on behalf of the Bankruptcy Estate and the Debtor hereby releases and forever discharges each of the Jensen Parties together with their successors, predecessors, past and present officers, directors, agents, shareholders, parents, subsidiaries, affiliates, servants, representatives, employees, insurers and attorneys from any and all known and unknown Claims, whether such Claims were raised or could have been raised in the Adversary Proceeding, the Bankruptcy Proceeding or in any other forum.

7. Release by Jensen Parties. Contingent only upon the receipt of the Settlement Payment, each of the Jensen Parties hereby releases and forever discharges the Trustee, the Debtor and its Bankruptcy Estate (together with the Trustee's bankruptcy counsel) from any and all known and unknown Claims, whether such Claims were raised or could have been raised in the Adversary Proceeding, the Bankruptcy Proceeding or in any other forum, save and except for the following proofs of claim, which shall be allowed claims against the Debtor and its Bankruptcy Estate as set forth below:

   a. Thrift's Proof of Claim Number 37 filed as a secured claim in the amount of $2,801,407.31 will be allowed only as a $2,801,407.31 equity claim subordinate to the unsecured creditors' claims;

b. Croff's Proof of Claim Number 38 filed as a secured claim in the amount of $846,285.21 will be allowed only as a $846,285.21 equity claim subordinate to the unsecured creditors' claims;

c. JCP's Proof of Claim Number 39 filed as a general unsecured claim in the amount of $40,780,224.63 will be allowed only as a $40,780,224.63 equity claim subordinate to the unsecured creditors' claims;

d. Jenco's Proof of Claim Number 40 filed as a secured claim in the amount of $662,452.56 will be allowed only as an equity claim subordinate to the unsecured creditors' claims;

e. Mr. Jensen's Proof of Claim Number 41 filed as a secured claim in the amount of $449,474.92 will be allowed only as a $449,474.92 equity claim subordinate to the unsecured creditors' claims;

f. The Jensen Probate Estate's Proof of Claim Number 42 filed as a secured claim in the amount of $2,250,197.03 will be allowed only as a $2,250,197.03 equity claim subordinate to the unsecured creditors' claims; and

g. Proof of Claim Number 27 assigned to MCP from M/G Finance, filed as an unsecured claim in the amount of $34,265,475.37 will be allowed only as a $34,265,475.37 equity claim subordinate to the unsecured creditors' claims.

8. Dismissal of Adversary Proceeding With Prejudice. The Parties hereby agree that the Adversary Proceeding shall be dismissed with prejudice and the Trustee and the Jensen Parties shall take all such reasonable and necessary action to promptly cause such dismissal with prejudice.

9. Authority and Requisite Approval. The Parties represent and warrant with respect only to themselves and not the other Party that they are duly authorized to fully and completely resolve all disputes between the Parties that are the subject of this Settlement Agreement and are fully authorized to make this Settlement Agreement.

10. Representations. Each of the Parties hereby represents and warrants that the terms of this Settlement Agreement have been completely read and are fully understood and voluntarily accepted for the purposes of making a full and final compromise, settlement and release as set forth herein. Each of the Parties hereby represents and warrants that they are the owner of the Claims released and settled and have made no assignment and hereafter will make no assignment of any Claim released pursuant to this Settlement Agreement. The Parties hereby represents and warrants that this Settlement Agreement has been explained to them by their respective legal counsel, and that each understands all of the provisions hereto. The Parties each hereby

stipulates, declares and acknowledges that they are relying on their own judgment and the advice of their own attorneys in executing this Settlement Agreement. Each of the Parties expressly represents and warrants and does hereby state and represent unto each other that no promise of agreement which is not herein expressed has been made to such Party in executing this Settlement Agreement, and that none of the Parties is relying upon any statement or representation of the other Party or their agents and attorneys.

11. Binding Nature. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties, and their respective successors, assigns, estates, executors, administrators, beneficiaries, receivers, shareholders, and all parties in privity with or claiming under them.

12. Modifications. This Settlement Agreement may not be modified, amended or terminated orally. No modification, amendment or termination, or any waiver of any of the provisions of this Settlement Agreement, shall be binding unless same is in writing and signed by the person against whom such modification, amendment or waiver is sought to be enforced.

13. No Waiver. The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, nor in any way affect the validity of this Settlement Agreement or any part thereof or any right of any person thereafter to enforce each and every provision. No waiver of any breach of this Settlement Agreement shall be held to constitute a waiver of any other breach.

14. Severability. If any provision of this Settlement Agreement is or may be held by a court of competent jurisdiction (or by any arbitrator or arbitration panel) to be invalid, void or unenforceable, the remaining provisions shall nonetheless survive and continue in full force and effect without being impaired or invalidated in any way.

15. Survival. All representations and warranties contained herein shall survive the execution and delivery of this Settlement Agreement and the execution and delivery of any other document or instrument referred to herein.

16. Drafting. This Settlement Agreement is a negotiated arms-length agreement and any documents delivered pursuant hereto shall be construed without regard to the identity of the persons who drafted the various provisions thereof. Every provision of this Settlement Agreement and such other settlement documents (including proposed orders) shall be construed as though all parties participated equally in the drafting thereof. Any legal rule of construction that a document is to be construed against the drafting party shall not be applicable and is expressly waived.

17. Attorneys' Fees. The Parties shall each bear their respective attorneys' fees and costs relating to the costs associated with the settlement negotiations and implementation of

this Settlement Agreement. However, if any action is commenced by any Party hereto to enforce the provisions of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said action.

18. Counterparts. The Parties agree that the facsimile and electronic signatures shall have the same force and effect as original signatures. This Settlement Agreement may be executed in counterparts and all counterparts so executed shall constitute one agreement which shall be binding on the Parties hereto.

19. Headings and Construction. Headings in this Settlement Agreement are for the convenience of the Parties and are not to be used in construing this Settlement Agreement. This Settlement Agreement shall not be construed or interpreted against either Party, either by having drafted this Agreement or otherwise.

20. Governing Law. THIS SETTLEMENT AGREEMENT SHALL BE GOVERNED BY AND BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE **STATE OF TEXAS** WITHOUT GIVING EFFECT TO THE PRINCIPLES OF CONFLICTS OF LAWS THEREOF. ANY DISPUTE REGARDING THIS AGREEMENT SHALL BE SUBJECT TO EXCLUSIVE JURISDCTION OF THE BANKRUPTCY COURT TO ENFORCE, INTERPRET AND IMPLEMENT THE TERMS AND PROVISIONS OF THIS SETTLEMENT AGREEMENT AND THE 9019 ORDER AND MATTERS RELATED THERETO, INCLUDING WITHOUT LIMITATION, COMPELLING PERFORMANCE OF THIS SETTLEMENT AGREEMENT AND THE 9019 ORDER EVEN AFTER THE BANKRUPTCY CASE IS CLOSED. IF THE BANKRUPTCY COURT DECLINES JURISDICTION, THEN EXCLUSIVE JURISDICTION SHALL BE IN TEXAS WITH MANDATORY VENUE IN HARRIS COUNTY, TEXAS

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed and effective as of the date first above written.

**Rodney Tow, Chapter 7 Trustee**

By: ______________________________________________

Rodney Tow, Chapter 7 Trustee

**Thrift Opportunity Holdings, LP**

By: ______________________________________________

Colleen Jensen, Manager of Jensen Opportunity Management, LLC, as General Partner of Thrift Opportunity Holdings, LP

**Croff Oil Company, Inc.**

By: ______________________________________________
Colleen Jensen, Corporate Secretary of Croff Oil Company, Inc.

**JCP Leasing, LLC**

By: ______________________________________________
Brett Jensen, Manager of JCP Leasing, LLC

**Jenco Investments Partnership**

By: ______________________________________________
Colleen Jensen, Managing Partner of Jenco Investments Partnership

**Brett D. Jensen, Individually**

By:______________________________________________
Brett D. Jensen

**Colleen Jensen, Individually**

By:______________________________________________
Colleen Jensen

**Probate Estate of Gerald L. Jensen**

By:______________________________________________
Colleen Jensen, Independent Executor of the Probate Estate of Gerald L. Jensen

**MCP Leasing, LLC**

By: ______________________________________________
Brett Jensen, Managing Member of MCP Leasing, LLC

**Jenex Petroleum Corporation**

By: ______________________________________________
Brett Jensen, President of Jenex Petroleum Corporation

**Jensen Opportunity Management, LLC**

By: ______________________________________________
Colleen Jensen, Manager of Jensen Opportunity Management, LLC

**Brett Jensen Trust**

By: ______________________________________________
Colleen Jensen, as Trustee of the Brett Jensen Trust

**Christopher Jensen Trust**

By: ______________________________________________
Colleen Jensen, as Trustee of the Christopher Jensen Trust

**HMS Texas Holdings, LLC**

By: ______________________________________________
Brett Jensen, Manager of HMS Texas Holdings, LLC

**JCP Energy Services, LLC**

By: ____________________________________________
Brett Jensen, Managing Member of JCP Leasing, LLC

**Jenco Petroleum Corporation**

By: ____________________________________________
Brett Jensen, President of Jenco Petroleum Corporation